## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20 cv 4570 |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| CITY OF CHICAGO POLICE OFFICER | ) | CIVIL RIGHTS |
| X.O. CHISM, STAR NO. 12911, G. | ) | |
| HABIAK JR., STAR NO. 9921, J. | ) | **JURY DEMANDED** |
| BARNES, STAR NO. 13912, C. | ) | |
| BARONA, STAR NO. 16054, J. LEGUT, | ) | |
| STAR NO. 5028 and UNKNOWN AND | ) | |
| UNNAMED CITY OF CHICAGO | ) | |
| POLICE OFFICERS. | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times herein mentioned, Plaintiff Terrell Hill (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this Court.

4.      At all times herein mentioned, Defendant City of Chicago Police Officer Xavier Chism ("Chism") was employed by the City of Chicago Police Department and was acting under

1

color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Defendant Chism is being sued in his individual capacity.

5.     At all times herein mentioned, Defendant City of Chicago Police Officer G. Habiak Jr. ("Habiak") was employed by the City of Chicago Police Department and was acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Defendant Chism is being sued in his individual capacity.

6.     At all times herein mentioned, Defendant City of Chicago Police Officer J. Barnes ("Barnes") was employed by the City of Chicago Police Department and was acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Defendant Chism is being sued in his individual capacity.

7.     At all times herein mentioned, Defendant City of Chicago Police Officer C. Barona ("Barona") was employed by the City of Chicago Police Department and was acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Defendant Chism is being sued in his individual capacity.

8.     At all times herein mentioned, Defendant City of Chicago Police Officer J. Legut ("Legut") was employed by the City of Chicago Police Department and was acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. Defendant Chism is being sued in his individual capacity.

9.     Unknown and unnamed officers, collectively with above-named Defendants (hereinafter "Defendant Officers"), were employed by the City of Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department.  These Defendants are being sued in their individual capacities.

**FACTUAL ALLEGATIONS**

6. On August 22, 2017, Plaintiff was lawfully located at a friend's residence at 2830 E. 77th Place in the City of Chicago, County of Cook, Illinois.

7. Allegedly and according to Defendant Officers' police reports, Defendant Chism received a tip from an unknown citizen that Plaintiff had placed illegal contraband into his vehicle.

8. Plaintiff is informed and believes that the Defendant Officers falsified the alleged tip from an unknown citizen to justify subjecting Plaintiff to an illegal detention, illegal search of his person, and an illegal search of his vehicle.

9. Allegedly and according to Defendant Officers' police reports, after the alleged tip Defendants Chism and Habiak attempted to catch Plaintiff's vehicle and conduct a stop.

10. On that day and time, Plaintiff drove his vehicle at the legal speed limit to the above-mentioned residence. Plaintiff at no point observed any Chicago Police Officer following him, did not hear any emergency sirens or observe any police lights, nor did he have any interaction with any Chicago Police Officer whilst in his vehicle.

11. Around five to ten minutes after Plaintiff arrived at the residence, the Defendant Officers showed up.

12. Upon arriving at the residence, the Defendant Officers detained Plaintiff who was not in his vehicle but rather sitting on the porch of the residence and subjected him to an illegal custodial arrest and search.

13. Plaintiff did not consent to any pat down or search of his person.

14. There was no legal or reasonable suspicion to detain and search Plaintiff.

15. Defendants did not have an arrest warrant to arrest Plaintiff.

16. Defendants did not find any contraband on Plaintiff.

3

17.    Allegedly and according to police reports, Plaintiff told Defendants he had illegal contraband in his vehicle.

18.    Plaintiff at no point on August 22, 2017 told any Defendant that he had illegal contraband in his vehicle.

19.    On August 22, 2017, Plaintiff had not committed any crimes nor was Plaintiff in possession of any illegal contraband.

20.    Despite the fact that Defendant Officers did not witness Plaintiff commit any criminal act or find any illegal contraband on Plaintiff's person, Plaintiff was arrested and taken to the police station by yet unknown Defendant Officers.

21.    The Defendant Officers had no legal cause or reasonable suspicion to seize and/or subject Plaintiff to an arrest.

22.    Subsequent to Plaintiff's arrest and after Plaintiff was no longer present at the scene of the incident, Defendant Officers broke into Plaintiff's vehicle and conducted an illegal search.

23.    Defendant Officers did not have a search warrant for the vehicle.

24.    Defendant Officers did not have consent to search the vehicle.

25.    Upon executing the search of the vehicle, Defendant Officers falsely claimed to have recovered a firearm and cannabis.

26.    At no point on August 22, 2017 did Plaintiff or any other individual possess a firearm and/or cannabis in Plaintiff's vehicle.

27.    Defendant Officers did not record their conduct during the execution of the search of Plaintiff's vehicle with body worn cameras.

28.    Defendant Officers seized Plaintiff's vehicle and had it towed.

29.     At some point prior to Plaintiff's release, Plaintiff's car was destroyed while in Chicago Police Department custody.

30.     Despite the fact that no contraband or weapon was found in Plaintiff's custody or control or in his vehicle, Defendant Officers charged Plaintiff as an armed habitual criminal and for cannabis possession.

31.     As a result of Defendant Officers causing Plaintiff to be charged with a criminal offense, he was subjected to a legal process, criminal prosecution, pretrial detention and a deprivation of his liberty.

32.     Defendant Officers knew that the criminal prosecution, pretrial detention and deprivation of Plaintiff's liberty was based solely upon Defendants' false allegations that there was an anonymous tip from an unknown citizen regarding Plaintiff and that Plaintiff possessed a firearm and cannabis in his vehicle, and thus Defendants knew Plaintiff's prosecution, pretrial detention, and deprivation of Plaintiff's liberty was not supported by probable cause.

33.     On or about September 21, 2017, Plaintiff was indicted for a Class X and Class 3 felony, armed habitual criminal and cannabis possession, respectively.

34.     All criminal charges against Plaintiff were dismissed on January 17, 2019 in Plaintiff's favor in a manner indicative of innocence.

35.     Plaintiff was deprived of his liberty for a substantial length of time, roughly seventeen months, as a result of the acts of the Defendant Officers.

36.     By reason of the above-described acts and omissions of Defendant Officers, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

37.    The aforementioned acts of Defendant Officers were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

38.    By reason of the above-described acts and omissions of Defendant Officers, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION**

39.    Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-eight (38) hereat as though fully set forth at this place.

40.    The Defendants and each of them, known and unknown, subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

41.    Defendants did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

42.    Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were based solely upon Defendants' false allegations that they received a tip from an unknown person regarding Plaintiff and that they discovered an illegal firearm and controlled substance in Plaintiff's vehicle.

43.    All criminal charges initiated by Defendants against Plaintiff were terminated in his favor in a manner indicative of innocence on January 17, 2019.

6

44.     Further in violation of the Plaintiff's Fourth Amendment rights, Defendants manufactured, planted, and fabricated evidence and falsified police reports.

45.     By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

46.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2.     That these same Defendants be required to pay Plaintiff's special damages;

3.     That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the individual Defendants and each of them and other unnamed and unknown Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff has such other and further relief as this Court may deem just and proper.

BY:   <u>s/ Jaclyn N. Diaz</u>
ED FOX & ASSOCIATES
Attorney for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**


BY:   <u>s/Jaclyn N. Diaz</u>
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com